Filed 11/19/21  Davidson v. Hopps CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOANNE SNYDER DAVIDSON,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>v.<br><br>ROBERT A. HOPPS,<br><br>    Defendant, Cross-complainant and Appellant. | 2d Civ. No. B309427<br>(Super. Ct. No. 17CV02310)<br>(Santa Barbara County) |

Robert A. Hopps appeals a judgment entered by default in favor of Joanne Snyder Davidson.  We affirm.

This appeal concerns a legal malpractice action against Hopps asserting that he committed professional negligence during representation of Davidson in a lawsuit against her former husband, Barry Snyder.  Following procedural wrangling in the present action between Hopps and Davidson, Hopps did not appear at trial.  The trial court then heard testimony from Davidson and entered a default judgment for $71,524, plus costs.

Hopps now appeals the judgment and, in part, argues that he did not receive sufficient notice of trial. We reject this and other arguments.

*FACTUAL AND PROCEDURAL HISTORY*

In 2011, Davidson sought legal representation from Hopps to file a lawsuit against Snyder regarding his claimed promises to pay college expenses for their two sons. In 2012, Davidson filed an action against Snyder ("underlying action") for breach of contract. Davidson repeatedly failed to comply with discovery requests and orders, however, and the trial court dismissed her lawsuit as a sanction.

Davidson appealed. In an unpublished opinion, we concluded that the trial court abused its discretion by dismissing the underlying action without first imposing less severe sanctions. (*Snyder v. Snyder* (Aug. 23, 2016, B264773).) We reversed the judgment. Upon remand, Davidson voluntarily dismissed her action as barred by the statute of limitations. She later testified that the action should have been timely filed "shortly after [she] hired Mr. Hopps."

On May 26, 2017, Davidson filed this legal malpractice action against Hopps. Among other things, she alleged that Hopps failed to inform her regarding discovery requests, discovery disputes, and trial court discovery orders. Hopps answered Davidson's unverified complaint with a general denial, and also filed a cross-complaint for $7,614 in unpaid legal fees. The cross-complaint was purportedly verified, but Davidson asserted the verification was defective. She filed a non-verified answer to the cross-complaint.

Hopps then sought entry of a default judgment on the cross-complaint. Following a hearing, the trial court determined

2

that the cross-complaint served on Davidson was not verified, i.e., "under penalty of perjury." (Code Civ. Pro., § 446, subd. (a).)[1] Thus, Davidson's answer to the cross-complaint need not have been verified. The court then denied Hopps's motion for a default judgment on the cross-complaint.

*Change of Addresses*

On November 19, 2018, Hopps filed a notice of change of address to "O" Street in Lompoc. The notice stated that his address had changed on November 1, 2018.

On July 7, 2020, five months following trial, Hopps filed a notice of change of address to Woodside Drive in San Luis Obispo. The notice stated that his address had changed on January 1, 2019, approximately one and one-half years earlier.

*Trial*

The court set a February 3, 2020, trial date on Davidson's September 16, 2019, ex parte application for a trial continuance. Hopps did not appear at the hearing but Davidson sent notice of the application to Hopps's e-mail address and Lompoc address.

At trial, Davidson sought damages for attorney fees and expenses for prosecuting the prior successful appeal, reimbursement for her sons' college expenses, and return of $3,000 in legal fees paid to Hopps. Following her testimony, the court awarded Davidson $71,524 damages and entered judgment in her favor on the cross-complaint.

On appeal, Hopps contends that: 1) he did not receive notice of the February 3, 2020, trial date; 2) the trial court abused its discretion by imposing $750 discovery sanctions; 3) the trial court erred by not entering default on the cross-complaint; and 4)

---

[1] All further statutory references are to the Code of Civil Procedure.

3

the trial court erred by imposing $500 sanctions for his non-appearance at the mandatory settlement conference and failure to file a settlement conference statement.

*DISCUSSION*

*I.*

Hopps argues that the trial court entered a default judgment without providing him notice of trial and an opportunity to be heard.

Davidson obtained the February 3, 2020, trial date at her September 16, 2019, ex parte application for a trial continuance. The ex parte application for a 60-day continuance rested upon the good cause of medical necessity. Davidson had sought a stipulation to continue trial but Hopps did not respond to e-mail or correspondence mailed to his Lompoc address. Davidson also provided telephone notice and left a message regarding the trial continuance request. The trial court's order setting the February 3, 2020, trial date was sent to Hopps's Lompoc address as well as his e-mail address. Hopps did not respond or appear at trial. Neither did Hopps move to set aside the default judgment based upon lack of actual notice. Under the circumstances, Hopps received sufficient actual notice to apprise him of the new trial date.

*II.*

Hopps contends that the trial court erred by granting Davidson's motion to compel discovery responses and imposing $750 sanctions.

In response to Davidson's motion to compel document production and further responses, the trial court ruled that Hopps had sufficiently complied in part and that certain documents had been filed with the court and were available to

4

Davidson. As to other discovery demands, Hopps had two weeks to comply. We review the court's grant or denial of a motion to compel discovery for an abuse of discretion. (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540.) The court has "wide discretion" to allow or prohibit discovery. (*Ibid.*) We grant the court "an appropriate degree of trial court latitude in the exercise of that discretion." (*Ibid.*)

Here the trial court considered each discovery request individually and determined that certain documents were already available to Davidson and that Hopps had sufficiently responded to some of the requests. As to others, the court ordered him to comply and imposed $750 sanctions. The court's order is reasonable and not an abuse of its discretion.

*III.*

Hopps argues that the trial court erred by denying his motion to enter default concerning the cross-complaint and Davidson's failure to file a verified answer thereto.

In opposition to Hopps's motion, Davidson's counsel declared that the document received by his office did not contain the phrase "under penalty of perjury." In ruling on Hopps's motion, the trial court decided that the cross-complaint served on Davidson did not contain the requisite verification language, "under penalty of perjury." (§§ 446, subd. (a), 2015.5.) The copy of the cross-complaint filed with the court, however, did contain the required language. The court impliedly determined that counsel's declaration was credible and that the two copies of the cross-complaint differed. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479 [trial court may determine credibility of declarations and affidavits].) Having served an unverified cross-complaint on Davidson, a verified answer was not required. (§ 446.)

5

*IV.*

Hopps challenges the trial court's imposition of $500 sanctions for his failure to file a mandatory settlement conference statement and attend the settlement conference.

A sanctions order against an attorney pursuant to section 177.5 is tested for an abuse of discretion.  (*People v. Landers* (2019) 31 Cal.App.5th 288, 303.)  The court abuses its discretion if its sanction order is unreasonable.  (*Ibid.*)  Here the court found that Hopps did not appear at alternate dispute resolution hearings or the settlement conference.  He also did not file a mandatory settlement conference statement.  Under the circumstances, the court's sanction order is reasonable and not an abuse of discretion.

*DISPOSITION*

The judgment is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____


Robert Hopps, in pro. per., for Defendant and Appellant.

Haffner Law Group and Matthew M. Haffner for Plaintiff and Respondent.